Curia, per O’Neall, J.
The three grounds of appeal urged on the argument of this case here will be alone noticed ; the others are considered as abandoned.
1st. In Walton vs. Bostick, 1 Brev. 162, it was, as is observed in the report, resolved by the court that “ in all cases where a new trial is granted, the evidence taken by commission, and produced, or ready to be produced, on the former trial, or which would have been proper evi *121 dence on the former trial, if produced, shall be admitted upon the new trial, in the same manner, and liable to the same objections, and no other, to which the same would have been liable, if offered upon the former trial. But such evidence taken and used, or taken to be used, on the former trial, must be placed in the hands of the clerk of the court where the new trial is to be had.” As was observed in the report, if the point ruled, that the examination of the witnesses used on a former trial, must, to be used on a second trial, be deposited with the clerk, is relied upon as authority then it is plain, it can have no such effect, for it was not necessary to the case. The point arising in it, was whether the examination previously used could be read on the second trial. The judgment of the court that it could, is authority ; the qualification is a mere obiter. But if the whole resolution be taken as a rule of the court, then it is enough to say that the rule, although made in 180-2, was not published until 1839 ; and in that time, thirty-seven years, an inveterate practice has grown up, entirely disregarding the qualification that the examination used should be deposited with the clerk, to entitle the party to read it on the second trial. There is no abuse in the practice which would induce us to enforce the former qualification. Indeed, the practice now settled, that the examination of a witness, read on one trial, may be used on every successive new trial of the same case, no matter whether it is kept by the clerk or the attorney, is so convenient, and so little liable to abuse, that this is the first time in which it has been questioned, although Judge Bre-vard’s reports have been for six years in the hands of the profession.
2d. In the same case it was held that “ where parties join in a commission to take the examination of witnesses, and the commission is returned into the court, either party may move for publication, and neither can [object to it; both having an interest in the evidence thus procured ; and the court having possession of it, will allow both parties the benefit of it.” This resolution was necessary to a decision of a point arising in that case, and has ever since been followed. Under the rule established by it, it has *122 always been allowed to either party to use the questions of, and answers to, his adversary.
3d. The 3d ground, that the jurors acted improperly, by some of them leaving the jury room after they had retired, and before they had agreed, must be next considered. It was objected here by the plaintiffs that the affidavits to support that ground could not be heard, inasmuch as they were not served on the juror whose conduct is challenged, until after the adjournment of the court; and it appears that such is the fact.
In Harding's case, 2 Bay, 267, and Key vs. Holeman, lb. 315, the court laid down the rule that they would not hear affidavits of the misconduct of a juror unless copies of such affidavits were served on him before the adjournment of the court. We will not say that this rule of practice is so inflexible that there may not be exceptions to it. But in a case like the present, where the verdict was rendered on Tuesday, and the court sat till Saturday, late in the day, there can be no reason for departing from the decision. The court, therefore, will not hear the affidavits. But to be sure that there had been no tampering with the purity of jury trials, we have looked into the affidavits, and find that the juror who left the room, did so to obtain water for one oí his fellows, and that his judgment, or that of his brethren, was not in any way affected by it. Still, we take this occasion to say, that the juror’s conduct vras very improper, and that if it had been brought to the view of the judge below, the juror, and the constable having the jury in charge, would have been severely punished.
It may not be improper here to say that I entirely approve of the rule stated in Graham on New Trials, ch. iv. § 6, p. 85, as to the effect of the misconduct of jurors in separating before they are agreed on a verdict, on a motion for a new trial. “ Upon this point,” he says, “ the practice in this country appears to have resolved itself into the exercise of a judicial discretion, confining the motion for a new trial to the question of abuse, and invariably denying the application where no injury has ensued.” The motion is dismissed.
Richardson, Evans, Butler, Wardlaav and Frost, JJ. concurred.